# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOHN ROBERT DEMOS, JR,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 09-cv-1000-JPG** |
| | ) | |
| **STATE OF WASHINGTON, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Petitioner John Robert Demos, Jr., currently an inmate at the McNeil Island Corrections Center, in Steilacoom, Washington, has filed an action concerning his Washington State conviction. He also filed a motion to proceed *in forma pauperis* (Doc. 2) pursuant to 28 U.S.C. § 1915.

Petitioner has styled his action as one "to take supervisory control."  He contends that there is a split in the circuit courts concerning the issue of when the Speedy Trial Act commences.  For relief, Petitioner seeks to "certify this issue to the U.S. Supreme Court to prevent a grave miscarriage of justice."   It is unclear whether the Court should characterize this action as one arising under 28 U.S.C.  § 2254 or one seeking relief under 42 U.S.C. § 1983.  Regardless of how the Court characterizes the action, however, it should be dismissed.

First, if the action is construed as one seeking habeas relief, then the action should be dismissed because this Court lacks subject matter jurisdiction because neither Petitioner nor his immediate custodian are located in this district.  *See* 28 U.S.C. § 2241(a) (writs of habeas corpus

may be granted by district courts within their respective jurisdiction); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (usually, the named custodian must reside in the geographical confines of the federal district where the habeas petition is filed).

Second, if the action is construed as one seeking relief under § 1983, a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In the Seventh Circuit, a strike may be counted if any portion of an action is dismissed for these enumerated grounds. *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004).

A review of court records on the U.S. PACER Case Locator, Civil Party Search, reveals that Plaintiff, while incarcerated, has filed hundreds of civil actions with courts located throughout the United States. In fact, it appears that due to his frivolous litigation, Plaintiff is under pre-filing bar orders in a number of courts, including the United States District Courts for the Western and Eastern Districts of Washington, the Washington State Courts, the Ninth Circuit Court of Appeals, and the Supreme Court of the United States. *See Demos v. Storrie*, 507 U.S. 290 (1993); *Demos v. Bush*, No. MS04-0001 (W.D. Wash., Jan 16, 2004).

The federal courts in the State of Georgia have dismissed as frivolous pursuant to 28 U.S.C. § 1915 at least three of Plaintiff's previous cases: *Demos v. Doe*, No. 1:00-cv-594(WBH) (N.D. Ga. March 29, 2000); *Demos v. Hatin*, No. 1:97-cv-1819(RCF) (N.D. Ga. Oct 7, 1997); *Demos v. Doe*, No. 1:04-cv-1684(GET)(N.D. Ga. March 1, 1995). As mentioned above, Plaintiff has numerous

other frivolous findings in various courts throughout the United States.  This Court will not attempt to catalog all of these cases because, pursuant to 28 U.S.C. § 1915(g), only three "strikes" are needed to bar *in forma pauperis* status.  Furthermore, the allegations of the complaint do not indicate that Plaintiff is under "imminent danger of serious physical injury."  28 U.S.C. § 1015(g).

Accordingly, the motion for leave to proceed *in forma pauperis* (Doc. 2) is **DENIED**.  This action is **DISMISSED** without prejudice.  All pending motions are **DENIED** as moot.

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**Dated: May 28, 2010.**

　　　　　　　　　　　**s/ J. Phil Gilbert**　　　　　　　
　　　　　　　　　　　**U. S. District Judge**