# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BRANDON BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 09-cv-992-JPG |
| | ) | |
| LT. PARKER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently an inmate at the Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007).  A complaint is plausible on its face "when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff's complaint concerns three separate events that occurred while he was confined in the Shawnee Correctional Center.  First, on June 5, 2009, Plaintiff suffered a grand mal seizure during which he began to choke on his own vomit.  Plaintiff was taken to Marion Hospital where he was treated and, after seven days, released.  Upon his release, Plaintiff states that "papers [were] given to Dr. David Alfon . . . which instructed [that Plaintiff receive a] follow up with an MRI in a week and . . . follow up with a neurologist in about a months time."  Plaintiff states that Dr. Alfon has not scheduled either the MRI or an appointment with a neurologist even though Plaintiff has reminded Plaintiff of the need for post-hospitalization treatment.  Plaintiff claims that the failure to provide proper follow up treatment violates his Eighth Amendment rights.

Second, on June 17, 2009, Nurse Perkins and Corrections Officer Alsip came to his cell to administer a medically prescribed "breathing treatment."  Plaintiff objected because the treatment was not scheduled for that time and he believed that taking the treatment at the wrong time would cause him problems.  During the confrontation with Perkins and Alsip, Plaintiff contends that he

became dizzy "like a seizure was coming on" and he laid down on his bunk.  Perkins and Alsip continued to demand to know whether Plaintiff was refusing his breathing treatment. Plaintiff claims that Defendants Perkins and Barker violated his Eighth Amendment right to adequate medical treatment by giving him his breathing treatment at the wrong time.

During this incident, feeling that he might vomit, Plaintiff states that he went over to the toilet, accidentally kicking a waste basket.  As a result, Perkins and Alsip issued Plaintiff a disciplinary ticket for assaulting them with the waste basket.  Plaintiff claims that the "false charges" were "the cause and reason" he was "brutally assaulted" when he was transferred to segregation. Liberally construing the complaint, it appears Plaintiff is attempting to assert a Due Process claim against Defendants Perkins and Alsip for issuing him a false disciplinary ticket.

Third, on July 18, 2009, Plaintiff states that Lt. Parker and 3 unknown Correctional Officers came to his cell and took him to segregation.  Once inside the segregation cell, Plaintiff was told to step up to the chuck hole so his handcuffs could be removed.  Plaintiff stated, however, that he "became dizzy and felt like a seizure was coming on" and, therefore, he remained sitting on the bed. Plaintiff states that the officers "rushed into [his] cell [and] one of the officers . . . pushed [him] right into the corner of a shelf" causing Plaintiff's head to bleed.  After this, Plaintiff states that another unknown officer hit him and twisted the handcuffs while another twisted his shirt cutting off Plaintiff's circulation until Plaintiff passed out.  Plaintiff states that Lt. Parker "looked on and did nothing to stop the unnecessary use of force."  Liberally construing the complaint, it appears that Plaintiff is attempting to assert a claim that Lt. Parker and the 3 unknown Correctional Officers used excessive force against him in violation of his Eighth Amendment rights.

Plaintiff states that he awoke in the health care unit and that Defendant Barker started asking

3

him questions.  Plaintiff alleges that he tried to speak, but because of the blood coming from his head wound some blood came out of his mouth as he spoke.  Plaintiff claims that Defendant Capel then asked Barker "did he spit on you?"  Several unnamed officers then entered the health unit and grabbed Plaintiff while Barker strapped him down to a gurney.  Plaintiff was given "staple or stitches" to close his head wound.

However, Plaintiff was given a disciplinary ticket for "a battery of false charges" including giving himself a "self-inflicted wound" and deliberating spitting blood on prison officials.  Plaintiff's asserts that Defendants Favors, Chapel, and Parker "signed as reporting officer and witnesses" to the disciplinary ticket.  Plaintiff further alleges that Lt. McCuan investigated the disciplinary charges, but "covered up what really happened." Liberally construing the complaint, it appears that Plaintiff is attempting to assert a claim that he was denied Due Process of law in connection with these disciplinary tickets.

Based on the allegations of the complaint, the Court finds it convenient to divide Plaintiff's *pro se* action into **six** counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:**    Against Defendant Alfon for denying Plaintiff adequate medical care for his seizures in violation of Plaintiff's Eighth Amendment rights.

**COUNT 2:**    Against Defendants Perkins and Alsip for denying Plaintiff adequate medical care for his breathing problem in violation of Plaintiff's Eighth Amendment rights.

**COUNT 3:**    Against Defendants Perkins and Alsip for denying Plaintiff Due Process of law in connection with the disciplinary ticket issued to Plaintiff for assaulting an officer with a waste basket.

**COUNT 4:**    Against Lt. Parker and 3 unknown, unnamed correctional officers for using

4

excessive force against Plaintiff on or about July 18, 2009, in violation of Plaintiff's Eighth Amendment rights.

**COUNT 5:** Against Defendants Favors, Capel, Barker and Lt. Parker for denying Plaintiff Due Process of law in connection with the disciplinary tickets issued to Plaintiff for self-inflicted wound and spitting blood on prison officials.

**COUNT 6:** Against Defendants Hileman, Correctional Officer McCuan, Lt. Parker, Lt. McCuan, Capel, Favors, and Baker for unspecified constitutional violations.

## DISCUSSION

Before proceeding to an analysis of Plaintiff's claims under 28 U.S.C § 1915A, the Court notes that the instant complaint appears to be the type of multi-defendant, multi-claim action to which the principles enunciated by the Seventh Circuit in *George v. Smith*, 507 F.3d 605, 607-08 (7th Cir. 2007), apply. Specifically, Plaintiff's complaint involves three separate, unrelated incidents and several distinct groups of defendants. *George* directs a district court to "evaluate each claim for the purpose of § 1915(g)." *Id.* at 607. Any claims dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted, results in a "strike" being assessed against Plaintiff. *Id.* at 607-08. Any remaining claims must still be examined to see whether the complaint complies with Rule 20 of the Federal Rules of Civil Procedure. *Id.* at 607.

**A. Count 1 - medical claim (grand mal seizure).**

Deliberate indifference to serious medical needs of prisoners may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, "negligence alone, or simple malpractice, is insufficient to state a claim for relief," *Kelly v. McGinnis*, 899 F.2d 612, 616 (7th Cir. 1990), as is the provision of medical treatment other than that preferred by the inmate. *Estelle*, 429 U.S. at 107. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

5

> In order to state a claim of cruel and unusual punishment under the Eighth Amendment, a prisoner must allege "'acts and omissions sufficiently harmful to evidence deliberate indifference to serious medical needs,'" *Benson v. Cady*, 761 F.2d 335, 340 (7th Cir. 1985), *quoting Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). "[T]he infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense." *Duckworth [v. Franzen]*, 780 F.2d [645,] 652-53 [(7th Cir. 1985), *cert. denied*, 107 S.Ct. 71 (1986)]. Negligence, gross negligence, or even "recklessness" as that term is used in tort cases, is not enough. *Id.* at 653.

*Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987). Applying these principles, the Court is unable to dismiss Plaintiff's claim in Count 1 that Defendant Alfon denied him adequate medical care in violation of Plaintiff's Eighth Amendment rights at this time.

### B. Count 2 - medical claim (breathing treatment).

The principles above also apply to Plaintiff's claim that his breathing treatment was being administered too soon by Defendants Perkins and Alsip. Again, the Court is unable to dismiss Plaintiff's claim in Count 2 that Defendants Perkins and Alsip denied him adequate medical care in violation of Plaintiff's Eighth Amendment rights at this time.

### C. Count 3 - false disciplinary ticket (assaulting officers with waste basket).

Plaintiff's claim that he was issued a "false" disciplinary ticket, however, should be dismissed pursuant to 28 U.S.C. § 1915A. When, as here, a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner has a

protected liberty interest only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

In the case currently before the Court, Plaintiff has failed to allege any facts suggesting that the conditions that he had to endure as a result of the allegedly "false charges" were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois. Therefore, Plaintiff's complaint fails to state a Due Process claim against Defendants Perkins and Alsip and Count 3 should be dismissed.

### D. Count 4 - excessive force claim.

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. An inmate

7

seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . . [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10; *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).  Applying these principles, the Court is unable to dismiss Plaintiff's claim in Count 4 that Lt. Parker and the three "unknown" Correctional Officers  used force against him on or about July 18, 2009, in violation of Plaintiff's Eighth Amendment rights.

**E. Count 5 - false disciplinary tickets (self inflicting wound and spitting of blood).**

As noted above, Plaintiff must assert facts suggesting that he was subjected to "atypical or unusual" restraints in order to have a colorable Due Process claim.  *Sandin*, 515 U.S. at 484; *Wagner*, 128 F.3d at 1175.  Again, Plaintiff has failed to allege any facts suggesting that the conditions that he had to endure as a result of the allegedly "false charges" were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois.  Therefore, Plaintiff's complaint fails to state a Due Process claim against Defendants Favors, Capel, Barker, Lt. Parker and Count 5 should be dismissed.

**G. Count 6 - other claims.**

Near the end of his complaint, Plaintiff alleges that "Correctional Officer Shane Hileman #7110, Correctional Officer McCuan (?), Lt. Parker #9280, Lt McCuan #9251, Correctional Officer John Capel #9122, Correctional Officer Michael A. Favors #9162 and LPN Barker actions is the cause of Plaintiff's injury their actions to adequately treat, protect Plaintiff from unnecessary use of force violated Plaintiff's right[s]."  This broad allegation is unsupported by the facts alleged in

the complaint and is the type of conclusory legal statement that the Court is not obligated to accept. *Brooks*, 578 F.3d at 581. Therefore, to the extent that Plaintiff is attempting to assert claims in Count 6 other than those identified above, such claims are dismissed pursuant to 28 U.S.C. § 1915A.

### H. Application of *George* principles.

Rule 18(a) of the Federal Rules of Civil Procedure permits Plaintiff to assert all of his claims against one defendant in one civil action. With regard to multiple defendants, Rule 20(a)(2) of the Federal Rules of Civil Procedure further provides:

> [A]ny right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action.

FED.R.CIV. P. 20(a)(2).

Count 1 of the complaint seeks relief only against Defendant Alfon. The claims asserted against Defendants Perkins and Alsip in Counts 2 and against Defendant Lt. Parker and 3 Unknown, unnamed correctional officers in Count 4 do not appear to arise from the same transaction, occurrence, or series of transactions or occurrences as Count 1. Furthermore, the claims asserted against Defendants Perkins and Alsip in Count 2 do not appear to rise from the same transaction, occurrence, or series of transactions or occurrences as Count 4.

The Seventh Circuit has held that separate, unrelated claims belong in different suits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). On review of the complaint, the claims against Defendant Alfon in Count 1 of the complaint are not sufficiently related to the claims against Defendants Perkins and Alsip in Count 2 of the complaint and against Defendant Lt. Parker and 3 Unknown, unnamed correctional officers in Count 4 of the complaint so as to allow them to proceed in one action. Likewise, the claims against Defendants Perkins and Alsip in Count 2 of the

9

complaint are not sufficiently related to the claims against Defendant Lt. Parker and 3 Unknown, unnamed correctional officers in Count 4 of the complaint so as to allow them to proceed in one action.

Plaintiff is ADVISED that the Court is inclined to sever Counts 2 and 4 into two separate lawsuits.  If these claims are severed, they would be removed from this case and opened in a new cases.  New case numbers would be assigned and additional filing fees - one for each new case - would be assessed.

Because the imposition of additional filing fees may impose a financial burden on him, Plaintiff is FURTHER ADVISED that he may avoid severance (and the imposition of additional filing fees) by filing a motion to voluntarily dismiss Counts 2 and 4 without prejudice within thirty (30) days of the date of this order. Before filing that motion, plaintiff shall consider whether he could re-file the dismissed claims without running afoul of the applicable 2-year statute of limitations.

**D**ISPOSITION

**IT IS HEREBY ORDERED** that Counts 3, 5, and 6 of the complaint are dismissed pursuant to 28 U.S.C. § 1915A.  The dismissal of these counts shall count as a "strike" for purposes of 28 U.S.C. § 1915(g).   Additionally, because there are no claims currently pending against them Defendants Lt. McCuan, Favors, Capel, Hileman, Correctional Officer McCuan, and Barker are **DISMISSED** as Defendants in this action.

**IT IS HEREBY ORDERED** that the Clerk shall prepare for Defendant Alfon:  (1) a Notice of Lawsuit and Request for Waiver of Service of Summons; and (2) a Waiver of Service of Summons.  The Clerk is directed to mail said forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's work address or employer address as provided by Plaintiff.  If a

Defendant fails to sign and return the Waiver to the Clerk within 30 days from the date said forms were sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the address provided by Plaintiff, the Correctional Center shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above, or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date on which a true and correct copy of any document was served on Defendants or their counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for

11

disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.  *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**Dated: May 28, 2010.**

   **s/ J. Phil Gilbert**
   **U. S. District Judge**