IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BRANDON BAKER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 09-cv-992-JPG |
| | ) | |
| **LT. PARKER,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for docket control.

Petitioner, an inmate at the Pontiac Correctional Center, filed a civil complaint alleging violations of his constitutional rights. Reviewing the complaint pursuant to 28 U.S.C. § 1915A, the Court identified the following counts:

**COUNT 1:** Against Defendant Alfon for denying Plaintiff adequate medical care for his seizures in violation of Plaintiff's Eighth Amendment rights.

**COUNT 2:** Against Defendants Perkins and Alsip for denying Plaintiff adequate medical care for his breathing problem in violation of Plaintiff's Eighth Amendment rights.

**COUNT 3:** Against Defendants Perkins and Alsip for denying Plaintiff Due Process of law in connection with the disciplinary ticket issued to Plaintiff for assaulting an officer with a waste basket.

**COUNT 4:** Against Lt. Parker and 3 unknown, unnamed correctional officers for using excessive force against Plaintiff on or about July 18, 2009, in violation of Plaintiff's Eighth Amendment rights.

**COUNT 5:** Against Defendants Favors, Capel, Barker and Lt. Parker for denying Plaintiff Due Process of law in connection with the disciplinary tickets issued to Plaintiff.

**COUNT 6:** Against Defendants Hileman, Correctional Officer McCuan, Lt. Parker, Lt. McCuan, Capel, Favors, and Baker for unspecified constitutional

       violations.

The Court dismissed Counts 3, 5, and 6 pursuant to § 1915A.  *See* (Doc. 8).  Although the Court allowed Counts 1, 2, and 4 to proceed, the Court notified Plaintiff that it intended to sever Counts 2 and 4 into separate cases.  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff was advised of the consequences that would follow if Counts 2 and 4 were severed into separate actions and allowed time to withdraw either or both counts.

    In the meantime, it has come to the Court's attention that Count 1 in this case is exactly the same as Count 1 in *Baker v. Parker*, Case No. 09-cv-983 (S. D. Ill., filed Nov. 24, 2009). Accordingly, Count 1 of the instant action is **DISMISSED** without prejudice for being duplicative of a claim already pending in another case.  This means that Count 2 may proceed in this case.

    As noted in this Court's prior order, (Doc. 8), however, Count 2 and Count 4 do not belong in the same action.   Accordingly, Plaintiff is ADVISED that the Court is inclined to sever Count 4 of this action into a separate lawsuit.  If Count 4 is severed, it will be removed from this case and opened in a new case.  A new case number would be assigned and an additional filing fee would be assessed.

    Because the imposition of an additional filing fee may impose a financial burden on him, Plaintiff is FURTHER ADVISED that he may avoid severance (and the imposition of additional filing fees) by filing a motion to voluntarily dismiss Count 4 without prejudice within thirty (30) days of the date of this order. Before filing that motion, plaintiff shall consider whether he could re-file the dismissed claim without running afoul of the applicable 2-year statute of limitations.

**IT IS SO ORDERED**.

**Dated: August 18, 2010.**

                                          **s/ J. Phil Gilbert**
                                          **U. S. District Judge**